UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KIMBERLY DROSS<br><br>Plaintiff,<br><br>v.<br><br>SARMA COLLECTIONS, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 5:19-cv-00110<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes KIMBERLY DROSS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SARMA COLLECTIONS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), over 18 years of age, residing in San Antonio, Texas, which lies within the Western District of Texas.

5. Defendant is a collection agency that provides third party debt collection services to creditors from a variety of industries. Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 555 East Ramsey Road, San Antonio, Texas.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In late 2018, Plaintiff began receiving calls to her cellular phone from Defendant.

9. In early 2019, Plaintiff changed her cellular phone number to (210) XXX-2466, and Defendant's phone calls began being placed to this new cellular phone number.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2466. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant mainly uses the phone number (888) 445-8832 when calling Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

12. Upon information and belief, the above referenced phone number is regularly utilized by Defendant during its debt collection activity.

13. Upon answering phone calls from Defendant, Plaintiff experiences a noticeable pause, lasting several seconds in length, before being connected to a live representative.

14. Upon speaking with Defendant, Plaintiff was informed that it was acting as a debt collector attempting to collect upon an underlying debt ("subject debt") said to be owed by Plaintiff, totaling $120.00.

15. The subject debt is said to stem from past due payments Plaintiff is said to owe in connection with services she received from an eye doctor.

16. Upon receiving Defendant's phone calls, Plaintiff was confused as to why she was getting debt collection phone calls, as she had already paid the $120.00 to the original creditor of the subject debt.

17. Since Plaintiff already paid the subject debt, Plaintiff informed Defendant that she did not owe the subject debt and further demanded that Defendant stop contacting her cellular phone

18. Notwithstanding the information provided by Plaintiff and Plaintiff's demands that it cease contacting her, Defendant continued placing phone calls to Plaintiff's cellular phone up until the filing of the instant matter.

19. Plaintiff has received not less than 5 phone calls from Defendant since asking it to stop calling and after Defendant was informed that Plaintiff did not owe the subject debt.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls made in connection with a debt not owed, emotional distress, increased risk of personal injury resulting from the distraction caused by the repeated calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692c(a)(1) and §1692d**

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified that Plaintiff did not owe the subject debt and after Plaintiff demanded that it stop calling her cellular phone. Defendant repeatedly contacted Plaintiff knowing that she did not owe the subject debt and after Plaintiff affirmatively demanded that the phone calls stop. Such conduct had the natural consequence of harassing Plaintiff, and further demonstrates Defendant's intent to harass Plaintiff, as Defendant would have no reason to continue its collection efforts against Plaintiff in connection with a debt Plaintiff did not owe unless Defendant intended to harass or abuse Plaintiff.

30. Additionally, Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

### b. Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Despite the fact that Plaintiff demanded that it stop contacting her and that she did not owe the subject debt, Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and

ultimately make a payment on a debt she did not owe. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

34. Further, Defendant violated § 1692e, e(2), and e(10) when it repeatedly attempted to collect upon a debt which Plaintiff no longer owed. It was a false representation as to the character of the subject debt to attempt to collect a debt not owed. Further, Defendant continued placing phone calls to Plaintiff's cellular phone after becoming aware that Plaintiff no longer owed the subject debt, constituting further false representations. Additionally, it is generally deceptive for Defendant to attempt to collect upon a debt for which Plaintiff had no underlying obligation, as such attempts constitute repeated representations that Plaintiff owes the debt when, in actuality, she does not.

    c. **Violations of FDCPA § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1) further prohibits "[a]ttempt[s] to collect any amount not authorized by the agreement creating the debt or permitted by law."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop and that Plaintiff did not owe the subject debt. Attempting to coerce Plaintiff into payment by placing repeated phone calls without her permission – especially in connection with a debt Plaintiff no longer owed – is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

37. Defendant further violated § 1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by repeatedly representing to Plaintiff that she owed the subject debt, when in reality she did not. It is undoubtedly unfair and unconscionable for a debt collector like Defendant to attempt to extract payment from Plaintiff even though Plaintiff had no obligation on the debt upon which Defendant sought collection.

WHEREFORE, Plaintiff, KIMBERLY DROSS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

38. Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

40. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause lasting several seconds in length Plaintiff

experienced prior to being connected to Defendant's live representative is instructive that an ATDS is being utilized to generate the phone calls.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

41.   Defendant violated the TCPA by placing at least 5 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Since Plaintiff does not owe the subject debt, any phone calls made attempting to collect an un-owed would exceed the parameters of any previously provided consent. Furthermore, because Plaintiff got a new cell phone that was not provided to the original creditor, Defendant lacked consent to contact her cellular phone. Furthermore, any consent that Plaintiff *may* have given to the originator of the subject debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that Defendant cease contacting her.

42. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

43.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KIMBERLY DROSS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

46. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

47. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a.  **Violations of TDCA § 392.302**

48. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

49. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone after she notified it to stop calling and after becoming aware that Plaintiff no longer owed the subject debt. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment, even though Plaintiff did not owe the subject debt. Rather than adhere to Plaintiff's demands and listen to the truthful information she provided, Defendant continued in its harassing campaign of phone calls with knowledge of the harassing nature of its calls.

50. Upon being told to stop calling and after being informed that Plaintiff did not owe the subject debt, Defendant had ample reason to be aware that it should not continue its harassing

calling campaign. Yet, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

### b. Violations of TDCA § 392.304

51. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

52. Defendant violated the above referenced portions of the TDCA when it attempted to collect upon a debt which Plaintiff does not owe. Through its repeated phone calls, Defendant repeatedly misrepresented the character, extent, and amount of Plaintiff's purported obligation on the subject debt. Such conduct similarly constitutes the utilization of false representations and deceptive means made during repeated attempts to collect upon a debt.

WHEREFORE, Plaintiff, KIMBERLY DROSS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 8, 2019                               Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                  s/Taxiarchis Hatzidimitriadis

| | |
|---|---|
| Nathan C. Volheim, Esq. #6302103<br>Counsel for Plaintiff<br>Admitted in the Western District of Texas<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 568-3056 (phone)<br>(630) 575-8188 (fax)<br>nvolheim@sulaimanlaw.com | Taxiarchis Hatzidimitriadis, Esq. #6319225<br>Counsel for Plaintiff<br>Admitted in the Western District of Texas<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 581-5858 (phone)<br>(630) 575-8188 (fax)<br>thatz@sulaimanlaw.com |